1  Ernest Galvan, 196065
   ROSEN, BIEN & GALVAN, LLP
2  315 Montgomery Street, Tenth Floor
   San Francisco, California 94104
3  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
4  Email: Egalvan@rbg-law.com

5  Counsel for Petitioner Leslie D. Mower

ORIGINAL
FILED

JUL 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

PJH

9

10

11 | LESLIE D. MOWER, Reg. No. 10178-081    | Case No.
   | Federal Correctional Institution - Camp Parks,
   | Dublin, California,                     | **DECLARATION OF SHIRLEY HUEY IN**
12 |                                          | **SUPPORT OF PETITION FOR HABEAS**
   |              Petitioner,                 | **CORPUS**
13 |
   |        v.
14 |
   | PAUL COPENHAVER, Warden, Federal
15 | Correctional Institution - Camp Parks, Dublin,
   | California,
16 |
17 |              Respondent.

18

19

20

21

22

23

24

25

26

27

28

I, SHIRLEY HUEY, hereby declare:

1.    I am a member of the Bar of this state and an associate of the firm Rosen, Bien & Galvan, LLP, counsel of record for the petitioner. I submit this Declaration in support of Petitioner's Petition for Writ of Habeas Corpus. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently so testify.

2.    I have reviewed a sampling of 104 cases documented in Westlaw from California, Washington, Oregon, and Montana in which courts have been petitioned to order the Bureau of Prisons ("BOP") to evaluate the appropriateness of petitioner's placement at a Community Corrections Center ("CCC") or Residential Re-Entry Center ("RRC"). This declaration will use the term CCC. I prepared a summary table of these cases, identifying the case caption, docket numbers, and Westlaw citations. In addition, for each case, I have noted where possible the sentence that the petitioner received, and the portion of the sentence that the BOP designated for service in the CCC as a result of the district court's order or in a responsive filing to the Petition. A true and correct copy of the summary table that I prepared is attached hereto as **Exhibit A**.

3.    The Table at Exhibit A shows that in 68 of these cases, magistrates have recommended, or district courts have ordered, that the BOP conduct such an evaluation in light of the factors set forth in 18 U.S.C. § 3621(b) and without reference to BOP policy promulgated in December 2002 and without reference to BOP's February 14, 2005 amendment to 28 C.F.R. § 570.21. Of the remaining cases reviewed, the BOP asserted mootness of the petition prior to a court's issuance of an order in 34 cases, stating that it had provided the petitioners with the evaluations they sought without regard to the 2002 and 2005 policy and regulation. The remaining two cases were mooted out by transfer of the petitioner, and the BOP did not provide additional evaluation.

4.    The BOP has responded to the orders by submitting evaluations of CCC placement in 49 of the 68 cases in which the writ was granted. (In the remaining 19 of these 68 cases, it appears the BOP has yet to comply, or the petition was mooted after the writ was granted by petitioner's already scheduled full-time or CCC release.) While the BOP purports to have conducted these 49 assessments without reference to the challenged policy and regulation, it

---

1

1   nevertheless concluded that the petitioners receive terms in the CCCs substantially similar to that

2   which they would have received were those policies explicitly guiding the review process.

3       5.    In Chavez v. Wrigley, No. CVF-07-0194, 2007 WL 1391061 (E.D. Cal. May 9,

4   2007), for example, the BOP submitted an evaluation recommending that the petitioner be

5   released to a CCC 60-90 days before the completion of his 37-month sentence. A true and

6   correct copy of the Institutional Referral for CCC Placement of Alberto Chavez is attached

7   hereto as **Exhibit B**. The BOP's motion to dismiss the petition accompanying the evaluation

8   stated that under the challenged regulations and policies, the petitioner would not be eligible for

9   CCC release until August 27, 2007. Attached hereto as **Exhibit C** is a true and correct copy of

10  the Respondent's Motion to Dismiss Habeas Corpus as Moot. Although the BOP stated that it

11  had conducted the evaluation without reference to the time constraints imposed by 28 CFR §

12  570.21 or the 2002 and 2005 Community Corrections Policies, the release term left the petitioner

13  no better off than had the time constraints been imposed. The BOP's recommendation that the

14  petitioner be sent to a CCC sometime between September 3, 2007 and October 3, 2007, resulted

15  in a CCC placement of less than 10% of his sentence.

16      6.    As noted above, in 34 of the cases reviewed, the BOP asserted mootness of the

17  petition prior to a court's issuance of an order, stating that it had provided the petitioners with the

18  evaluations they sought without regard to the 2002 and 2005 policy and regulation.

19      7.    In these cases, the BOP submitted documentation of evaluations in which it

20  similarly concluded that the petitioners would be eligible for release to a CCC for a term

21  substantially the same as they would receive under the 2002 and 2005 policies. For example, in

22  a submission filed on February 12, 2007 with the court in Bates v. Smith, No. 1:06-CV-01692,

23  2007 WL 1192393 (E.D. Cal. Apr. 23, 2007), the BOP stated that under the 2005 regulation

24  limiting the time an inmate can spend at a halfway house, the petitioner could not be released to a

25  CCC until August 23, 2007. Attached hereto as **Exhibit D** is a true and correct copy of

26  Respondent's Motion to Dismiss Habeas Corpus Petition as Moot. Although the BOP stated that

27  it had "evaluated petitioner 'without reference to the time constraints imposed by 28 CFR

28  § 570.20-21 or the 2002 and 2005 Community Corrections Policies[,]'" it recommended that

DECLARATION OF SHIRLEY HUEY IN SUPPORT OF PETITION FOR HABEAS CORPUS - Case No.

1    petitioner, sentenced to 63 months, spend 120-150 days in a CCC before his release—falling
2    within the time limitations dictated by the regulation and policies.

3         8.     Similarly, the BOP recommended that the petitioner in Nunez v. Wrigley, No.
4    1:06-CV-01545, 2007 WL 1146589 (E.D. Cal. Apr. 18, 2007), spend 30 to 90 days in a CCC
5    prior to his release. Attached hereto as **Exhibit E** is a true and correct copy of the Institutional
6    Referral for CCC Placement of Danny Nelson Nunez. The BOP stated in its motion to dismiss
7    the Nunez petition that if the time limitations under the challenged regulations were enforced, the
8    petitioner, serving a sentence of 41 months, could not be released into a CCC until May 28,
9    2007. Attached hereto as **Exhibit F** is a true and correct copy of Respondent's Motion to
10   Dismiss Habeas Corpus Petition as Moot. The BOP's evaluation, however, resulted in a
11   recommendation that the petitioner be sent to a CCC sometime between June 14, 2007 and
12   August 13, 2007. This recommendation falls well within the 6 month or ten percent limitation as
13   required under 28 CFR § 570.21, thus resulting in the petitioner being no better off than he
14   would have been under the unlawful regulation.

15        9.     Although purporting to exercise its discretion to consider placement in CCCs
16   without regard to these regulations, the BOP has determined that all of the petitioners re-
17   evaluated thus far that have been granted release to a CCC have received placements that fall
18   substantially within the agency's 2002 and 2005 policy guidelines—that is, the lesser of up to 6
19   months or 10% of the sentence received.

20        10.    Attached hereto as **Exhibit G** is a true and correct copy of an order in Ms.
21   Mower's underlying criminal case, downloaded from PACER. Order, United States v. Thomas
22   E. Mower, Leslie D. Mower, James Thompson, Case No. 02-CR-787 DAK (D. Utah Feb. 28,
23   2007).

24        11.    Attached hereto as **Exhibit H** is a true and correct copy of the December 20, 2002
25   Memorandum from the Office of Legal Counsel of the United States Department of Justice
26   regarding CCC placement.

27        12.    Attached hereto as **Exhibit I** is a true and correct copy of the December 20, 2002
28   Memorandum For Federal Judges regarding CCC placement.

DECLARATION OF SHIRLEY HUEY IN SUPPORT OF PETITION FOR HABEAS CORPUS - Case No.

1        13.    Attached hereto as **Exhibit J** is a true and correct copy of the amicus brief filed by

2  Families Against Mandatory Minimums, the National Association of Criminal Defense Counsel,

3  and the Criminal Justice Act Board for the United States District Court for the District of

4  Massachusetts, in *Muniz v. Sabol*, Docket No. 06-2692-pr (1st Cir.).

5        I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct.

7

8        Executed this 27th day of July, 2007, in San Francisco, California.

9

10

11                                                    Shirley Huey

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SHIRLEY HUEY IN SUPPORT OF PETITION FOR HABEAS CORPUS - Case No.

# EXHIBIT A

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| *Hovannes v. Smith* | 2007 WL 2012797 (E.D. Cal.)<br>2007 WL 1300456 (E.D. Cal.)<br>No. 1:07-CV-00223 OWW DLB HC | July 9, 2007<br>May 2, 2007 | 21 months | Petition dismissed for mootness; petitioner transferred to CCC on 5/23/07 prior to release on 7/16/07 | X | X | |
| *Foster v. Palmquist* | 2007 WL 1991185 (W.D. Wash.)<br>No. C07-0847-RSL | July 9, 2007 | 10 months | Habeas granted; BOP ordered to assess CCC transfer | | X | |
| *Cain v. Smith* | 2007 WL 1725642 (E.D. Cal)<br>2007 WL 433128 (E.D. Cal)<br>2006 WL 3762113 (E.D. Cal.)<br>No. 1:06-CV-10650 OWW SMS HC | Jun. 14, 2007<br>Feb. 8, 2007<br>Dec. 20, 2006 | 108 months | 150-180 days | X | X | X |
| *Brown v. Smith* | 2007 WL 1725643 (E.D. Cal.)<br>2007 WL 499655 (E.D. Cal.)<br>2006 WL 3734183 (E.D. Cal.)<br>No. 1:06-CV-01658 AWI LJO HC | Jun. 14, 2007<br>Feb. 2, 2007<br>Dec. 18, 2007 | 252 months | 150-180 days | X | X | X |
| *Pizarro v. Smith* | 2007 WL 1725644 (E.D. Cal.)<br>20007 WL 0174328 (E.D.Cal.)<br>No. 1:06-CV-01820 OWW DLB HC | Jun. 14, 2007<br>Jan. 22, 2007 | 90 months | 150-180 days | X | X | X |

*Information sourced from documents on PACER

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| *Pui v. Smith* | 2007 WL 1725648 (E.D. Cal.) 2007 WL 891882 (E.D. Cal.) 2007 WL 512429 (E.D. Cal.) No.1:07-CV-0183 AWI DLB HC | Jun. 14, 2007 Mar. 22, 2007 Feb. 12, 2007 | 1 year, 1 day | 15-30 days | X | X | X |
| *Close v. Smith* | 2007 WL 1725661 (E.D. Cal.) 2007 WL 512504 (E.D. Cal.) 2006 WL 3762114 (E.D. Cal.) No. 1:06-CV-01531 AWI DLB HC | Jun. 14, 2007 Feb. 12, 2007 Dec. 20, 2007 | 96 months | 150-180 days | X | X | X |
| *Slater v. Smith* | 2007 WL 1725664 (E.D. Cal.) 2007 WL 1395340 (E.D. Cal.) No. CVF-06-1363 AWI SMS HC | Jun. 14, 2007 May 10, 2007 | 235 months | 150-180 days | X | X | X |
| *Arroyo v. Smith* | 2007 WL 1725679 (E.D. Cal.) 2007 WL 1302419 (E.D. Cal.) No.CVF-07-00382 LJO DLB HC | Jun. 14, 2007 May 3, 2007 | 60 months | BOP will make determination within 11 months of petitioner's release date | | X | |
| *Whistler v. Wrigley* | 2007 WL 1655787 (E.D. Cal.) No. 1:06-CV-0860 LJO WMW HC | Jun. 7, 2007 | 39 months (12/28/07 release date)* | Petition moot due to transfer on 9/19/07 to CCC* ; 60-90 days | | | |
| *Rodriguez v. Smith* | 2007 WL 1655834 (E.D. Cal.) 2007 WL 833304 (E.D. Cal.) No.1:07-CV-00189 OWW SMS HC | Jun. 6, 2007 Mar. 16, 2007 | 21 months | 30-60 days | X | X | X |

2

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| *Haddad v. Wrigley* | 2007 WL 1660766 (E.D. Cal.) No.1:07-CV-00632 OWW WMW HC | Jun. 6, 2007 | 12 mos., 1 day | 15-30 days* | X | X | X |
| *Wong v. Wrigley* | 2007 WL 1660812 (E.D. Cal.) No.1:06-CV-01046 LJO MWM HC | Jun. 6, 2007 | 30 months | 30-60 days* | X | | X |
| *Tillotson v. Smith* | 2007 WL 1651109 (E.D. Cal.) No. 1:06-CV-00978 LJO SMS HC | Jun. 5, 2007 | 60 months* | 120-150 days | X | | X |
| *Long Thanh Mai v. Wrigley* | 2007 WL 1651253  (E.D. Cal.) No.1:06-CV-01602 OWW WMW HC | Jun. 5, 2007 | 35 months* | 30-60 days* | X | | X |
| *Padilla v. Wrigley* | 2007 WL 1599981 (E.D. Cal.) 2007 WL 173764 (E.D. Cal.) 2006 WL 3268967 (E.C. Cal.) No. CVF-06-01185 LJO SMS HC | Jun. 4, 2007 Jan. 19, 2007 Nov. 13, 2006 | 37 months | 60-90 days | X | X | X |
| *Sutton v. Smith* | 2007 WL 1599984 (E.D. Cal.) 2007 WL 1302424 (E.D. Cal.) No. CVF-07-00211 LJO DLB HC | Jun. 4, 2007 May 3, 2007 | 120 months | Habeas granted in part; BOP not required to provide analysis until within 11-13 months of release | | X | |

3

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Kovack v. Smith | 2007 WL 1598085 (E.D. Cal.) 2007 WL 1176028 (E.D. Cal.) No.1:07-CV-00305 LJO DLB HC | Jun. 1, 2007 Apr. 20, 2007 | 130 months | Habeas granted in part; BOP not required to provide analysis until within 11-13 months of release | | X | |
| Ferreira-Valencia v. Wrigley | 2007 WL 1545068 (E.D. Cal.) No. 1:07-CV-00096 LJO TAG HC | May 29, 2007 | 12 mos., 1 day, 36 mos. supervised release* | Petitioner to be transferred to CCC on date of release for period of up to 120 days during term of supervised release.* | | | X |
| Fonseca v. Wrigley | 2007 WL 1545074 (E.D. Cal) No.1:07-CV-00125 AWI TAG HC | May 29, 2007 | 36 months* | 60-90 days | X | X | X |
| Gadalla v. Wrigley | 2007 WL 1545078 (E.D. Cal.) No. 1:07-CV-00288 OWW TAG HC | May 29, 2007 | 12 mos., 1 day | 15-30 days | X | | X |
| Rubio-Martinez v. Wrigley | 2007 WL 1545084 (E.D. Cal.) No. 1:07-CV-00158 OWW TAG HC | May 29, 2007 | 10 months* | 15-30 days | X | | X |
| O'Neill v. Wrigley | 2007 WL 1545102 (E.D. Cal.) No. 1:07-CV-00138 OWW TAG HC | May 29, 2007 | 33 months* | 30-60 days | X | | X |
| Shin v. Wrigley | 2007 WL 1532117 (E.D. Cal.) No.1:07-CV-00423-LJO TAG HC | May 25, 2007 | 12 mos., 1 day* | 15-30 days | X | | X |
| Nogueira v. Wrigley | 2007 WL 1532142 (E.D. Cal.) No. 1:07-CV-00104 OWW TAG HC | May 25, 2007 | 30 months* | 30-60 days | X | | X |

4

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Gonzalez v. Wrigley | 2007 WL 1515015 (E.D. Cal.)<br>2006 WL 3001444 (E.D. Cal.)<br>No. 1:07-CV-00236 AWI TAG HC | May 22, 2007<br>Oct. 20, 2006 | 18 months* | 15-30 days | X | | X |
| Meehleib v. Wrigley | 2007 WL 1515164 (E.D. Cal.)<br>No.1:06-CV-01874 AWI TAG HC | May 22, 2007 | 16 months* | 15-30 days | X | | X |
| Gear v. Wrigley | 2007 WL 1500828 (E.D. Cal.)<br>2007 WL 963256 (E.D. Cal.)<br>No. 1:07-CV-000449 OWW SMS HC | May 21, 2007<br>Mar. 29, 2007 | 36 months | 60-90 days | X | X | X |
| Koenig v. Wrigley | 2007 WL 1501791 (E.D. Cal.)<br>No. CVF-06-1142 OWW SMS HC | May 21, 2007 | 24 months | 30-60 days | X | | X |
| Magana v. Smith | 2007 WL 1470233 (E.D. Cal.)<br>2007 WL 852044 (E.D. Cal.)<br>No. 1:07-CV-00213 AWI DLB HC | May 18, 2007<br>Mar. 21, 2007 | 120 months | 150-180 days* | X | X | X |
| Deanda v. Wrigley | 2007 WL 1470257 (E.D. Cal.)<br>2007 WL 433135 (E.D. Cal.)<br>No. 1:07-CV-01522 AWI DLB HC | May 18, 2007<br>Feb. 8, 2007 | 40 months | 60-90 days* | X | X | X |

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| *Khatkar v. Palmquist* | 2007 WL 1574758 (W.D. Wash.) No. C07-00133-JCC-MAT | May 30, 2007 | 15 months | Habeas granted; BOP ordered to reconsider CCC transfer within 14 days of order | | X | |
| *Chan v. Smith* | 2007 WL 1470314 (E.D. Cal.) No. No. CVF-06-1028 AWI DLB HC | May 18, 2007 | 6 months* | Mooted by full term release of petitioner on Oct. 26, 2006 prior to court order to evaluate | | X | |
| *Garcia v. Wrigley* | 2007 WL 1429755 (E.D. Cal.) 2007 WL 518594 (E.D. Cal.) No. 1:07-CV-00105 AWI DLB HC | May 14, 2007 Feb. 12, 2007 | 18 months | Habeas granted, BOP ordered to, within 14 days, assess possible CCC transfer | | X | |
| *Zuniga v. Wrigley* | 2007 WL 1412055 (E.D. Cal.) 2007 WL 685942 (E.D. Cal.) No. 1:07-CV-00261 AWI SMS HC | May 11, 2007 Mar 5, 2007 | 24 months | 30-60 days* | X | X | X |
| *Gullion v. Wrigley* | 2007 WL 1412060 (E.D. Cal.) 2007 WL 685899 No. 1:07-CV-00238 AWI SMS HC | May 11, 2007 Mar 5, 2007 | 24 months | 30-60 days* | X | X | X |
| *Bradley v. Wrigley* | 2007 WL 1364966 (E.D. Cal.) No.1:07-CV-00260 OWW DLB HC | May 9, 2007 | 6 months | BOP ordered to make a determination; CCC placement rejected* | | X | X |

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|------|----------|------|---------------------------|-------------------------------|------------------|------------------------------|---------------------------------|
| *Colvin v. Wrigley* | 2007 WL 1365402 (E.D. Cal.) 2007 WL 891879 (E.D. Cal) No.1:07-CV-00374 LJO DLB HC | May 9, 2007 Mar 22, 2007 | 15 months | 15-30 days* | X | X | X |
| *Chavez v. Wrigley* | 2007 WL 1391061 (E.D. Cal.) No. 1:07-CV-00194 AWI WMW HC | May 9, 2007 | 37 months* | 60-90 days* | X | X | X |
| *Colmenero v. Wrigley* | 2007 WL 1345482 (E.D. Cal.) No. 1:07-CV-0170 AWI WMW HC | May 8, 2007 | 18 months* | 15-30 days* | X | X | X |
| *Mendoza v. Wrigley* | 2007 WL 1345684 (E.D. Cal.) No. 1:07-CV-00171 OWW WMW HC | May 8, 2007 | 40 months | Recommendation to grant habeas and order BOP analysis of transfer to CCC; case referred to district ct judge | | X | |
| *Majidi v. Wrigley* | 2007 WL 1300455 (E.D. Cal.) No. 1:07-CV-00404 AWI DLB HC | May 2, 2007 | 12mos., 1 day | 15-30 days* | X | X | X |
| *Chichyan v. Wrigley* | 2007 WL 1300459 (E.D. Cal.) No.1:07-CV-00036 OWW WMW HC | May 2, 2007 | 24 months* | 30-60 days* | X | | X |

7

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Derobles v. Smith | 2007 WL 1217703 (E.D. Cal.) No.1:06-CV-01804 AWI WMW | Apr. 24, 2007 | 121 months | Habeas grant recommended; BOP has filed objections to order to immediately assess CCC transfer | | X | |
| Bates v. Smith | 2007 WL 1192393 (E.D. Cal.) No.1:06-CV-01692 OWW WMW | Apr. 23, 2007 | 63 months* | 120-150 days* | X | | X |
| Richter v. Smith | 2007 WL 1176807 (E.D. Cal.) 2007 WL 0425437 (E.D. Cal.) No. 1:06-CV-01659 OWW DLB HC | Apr. 20, 2007 Feb. 7, 2007 | 46 months | Petition granted; BOP to assess CCC placement within 3 months of order | | X | |
| Thomas v. Smith | 2007 WL 1182346 (E.D. Cal.) 2007 WL 0426211 (E.D. Cal.) No. 1:06-CV-01402-OWW DLB HC | Apr. 20, 2007 Feb. 7, 2007 | 140 months | Petition granted; BOP to assess CCC placement within 3 months of order | | X | |
| Ernest v. Smith | 2007 WL 1152920 (E.D. Cal.) 2007 WL 512503 (E.D. Cal.) No. 1:06-cv-01749 LJO DLB | Apr. 18, 2007 Feb. 12, 2007 | 262 months | Habeas granted; BOP ordered to assess CCC placement | | X | |
| Patel v. Wrigley | 2007 WL 1146582 (E.D. Cal.) No.1:06-CV-00882 AWI TAG HC | Apr. 18, 2007 | 71 months | 30-60 days | X | X | X |
| Mullins v. Wrigley | 2007 WL 1146584 (E.D. Cal.) No. 1:06-CV-01045 OWW TAG HC | Apr. 18, 2007 | 27 months* | 30-60 days | X | | X |

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Re-evaluation to Court | Submitted to Court |
|---|---|---|---|---|---|---|---|---|
| Nunez v. Wrigley | 2007 WL 1146589 (E.D. Cal.) No. 1:06-CV-01545 LJO TAG HC | Apr. 18, 2007 | 41 months* | 30-90 days | X | | | X |
| Lenz v. Wrigley | 2007 WL 1146593 (E.D. Cal.) No. 1:06-CV-01561 AWI TAG HC | Apr. 18, 2007 | 30 months* | 60-90 days | X | | | X |
| Clarke v. Wrigley | 2007 WL 1146596 (E.D. Cal.) No. 1:06-CV-01591 LJO TAG HC | Apr. 18, 2007 | 30 months* | 60-90 days | X | | | X |
| Lloyd v. Wrigley | 2007 WL 1146600 (E.D. Cal.) No. 1:06-CV-01625 AWI TAG HC | Apr. 18, 2007 | 21 months* | 15-30 days | X | | | X |
| Johnson v. Wrigley | 2007 WL 1147375 (E.D. Cal.) 2007 WL 0324438 (E.D. Cal.) No. 1:06-CV-01735 AWI TAG HC | Apr. 18, 2007 Jan. 31, 2007 | 24 months* | 15-30 days | X | | | X |
| Juarez v. Wrigley | 2007 WL 1147383 (E.D. Cal.) No. 1:07-CV-00056 OWW TAG HC | Apr. 18, 2007 | 57 months* | 120-150 days | X | | | X |
| Garabet v. Wrigley | 2007 WL 1147387 (E.D. Cal.) No. 1:07-CV-00043 AWI TAG HC | Apr. 18, 2007 | 21 months* | 15-30 days | X | | | X |
| Castellon v. Wrigley | 2007 WL 1147389 (E.D. Cal.) No. 1:07-CV-00022 OWW TAG HC | Apr. 18, 2007 | 57 months* | 90-120 days | X | | | X |
| Melendrez v. Wrigley | 2007 WL 1139405 (E.D. Cal.) No. 1:06-CV-01486 OWW TAG HC | Apr. 17, 2007 | 41 months* | 90-120 days | X | | | X |
| Howard v. Wrigley | 2007 WL 1139917 (E.D. Cal.) No. 1:06-CV-00821 LJO TAG HC | Apr. 17, 2007 | 18 months* | 30-60 days | X | | | X |

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Taylor v. Wrigley | 2007 WL 1140820 (E.D. Cal.) No. 1:06-CV-01517 AWI TAG HC | Apr. 17, 2007 | 46 months* | 60-90 days | X | | X |
| Nguyen v. Wrigley | 2007 WL 1140822 (E.D. Cal.) No. 1:06-CV-01579 LJO TAG HC | Apr. 17, 2007 | 33 months* | 30-60 days | X | | X |
| Perez v. Wrigley | 2007 WL 1119799 (E.D. Cal.) No. 1:06-CV-01033 OWW TAG HC | Apr. 16, 2007 | 13 months* | 15-30 days | X | | X |
| Hailassie v. Wrigley | 2007 WL 1087160 (E.D. Cal.) No. 1:06-CV-01300 OWW WMW HC | Apr. 10, 2007 | 45 months | 90-120 days* | X | X | |
| Esqueda v. Wrigley | 2007 WL 1087186 (E.D. Cal.) No. 1:06-CV-01411 AWI LJO HC | Apr. 10, 2007 | 37 months* | 60-90 days* | X | X | |
| Delacruz v. Wrigley | 2007 WL 1098508 (E.D. Cal.) No. 1:06-CV-01375 AWI WMW HC | Apr. 10, 2007 | 27 months* | 30-60 days* | X | | X |
| Strickstein v. Wrigley | 2007 WL 1098511 (E.D. Cal.) No. 1:06-CV-01376 AWI WMW HC | Apr. 10, 2007 | 12 mos., 1 day* | 15-30 days* | X | | X |
| Beard v. Wrigley | 2007 WL 1098513 (E.D. Cal.) No.1:06-CV-01362 OWW WMW HC | Apr. 10, 2007 | 12 mos., 1 day* | 30-60 days* | X | | X |
| Sanchez v. Wrigley | 2007 WL 895443 (E.D. Cal.) 2007 WL 707522 (E.D. Cal.) No. 1:07-CV-00046 AWI NEW HC | Mar. 22, 2007 Mar. 6, 2007 | 15 months | 30-60 days | X | X | X |

10

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Salas v. Wrigley | 2007 WL 788945 (E.D. Cal.)<br>2007 WL 470703 (E.D.) Cal.)<br>No. 1:07-CV-00095 OWW SMS HC | Mar. 14, 2007<br>Feb. 9, 2007 | 12 mos., 1 day | Habeas granted; BOP ordered to assess possible CCC transfer within 14 days of order |  | X |  |
| Quilon v. Wrigley | 2007 WL 789416 (E.D. Cal.)<br>No. 1:07-CV-00163 OWW SMS HC | Mar. 14, 2007 | 60 mos., 1 day | Habeas granted; BOP ordered to assess possible CCC transfer within 14 days of order |  | X |  |
| Flores v. Wrigley | 2007 WL 789417 (E.D. Cal.)<br>2007 WL 470615 (E.D. Cal.)<br>No. 1:07-CV-00033 AWI SMS HC | Mar. 14, 2007<br>Feb. 9, 2007 | 30 months | 30-60 days | X | X | X |
| Chanes v. Wrigley | 2007 WL 776604 (E.D. Cal.)<br>2007 WL 470655 (E.D. Cal.)<br>No. 1:07-CV-00195 LJO SMS HC | Mar. 12, 2007<br>Feb. 9, 2007 | 20 months | Habeas granted; BOP ordered to assess possible CCC transfer within 14 days of order |  | X |  |
| Lopez-Benjamin v. Wrigley | 2007 WL 776734 (E.D. Cal.)<br>2007 WL 512501 (E.D. Cal.)<br>No. 1:07-CV-00048 LJO DLB HC | Mar. 12, 2007<br>Feb. 12, 2007 | 37 months | 30-60 days | X | X | X |
| Pipher v. Wrigley | 2007 WL 776736 (E.D. Cal.)<br>2007 WL 512502 (E.D. Cal.)<br>No. 1:07-CV-00037 OWW DLB HC | Mar. 12, 2007<br>Feb. 12, 2007 | 48 months | 60-90 days | X | X | X |
| Braun v. Sullivan | 2007 WL 521003<br>No.1:06-CV-00849 AWI WMW HC | Feb. 15, 2007 | 12 mos., 1 day | 15-30 days* | X |  | X |

11

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| *Smith v. Wrigley* | 2007 WL 521005 (E.D. Cal.); 2006 WL 3455245 (E.D. Cal.); 2006 WL 2849865 (E.D. Cal.); No.1:06-CV-01078 AWI LJO HC | Feb. 15, 2007; Nov. 29, 2006; Oct. 3, 2006 | 24 months | 60-90 days | X | | No, moot due to release |
| *Pankratz v. Palmquist* | 2007 WL 419328 (W.D. Wash.); No. C06-1328-RSL | Feb. 2, 2007 | 18 months | 45 days* | X | X | X |
| *Patton v. Sullivan* | 2007 WL 324439 (E.D. Cal.); No. 1:06-CV-01060 OWW WMW | Jan. 31, 2007 | 18 months* | 30-60 days | X | | X |
| *Palacios v. Wrigley* | 2007 WL 173771 (E.D. Cal.); No. 1:06-CV-01519 OWW SMS HC | Jan. 22, 2007 | 24 months | 15-30 days* | X | X | X |
| *Brun v. Wrigley* | 2007 WL 177908 (E.D. Cal.); No. 1:07-CV-00057 OWW LJO HC | Jan. 19, 2007 | 24 months | 30-60 days* | X | X | X |
| *Kaing v. Smith* | 2007 WL 177912 (E.D. Cal.); No. 1:06-CV-01727 OWW SMS HC | Jan. 19, 2007 | 121 months | BOP ordered to assess possible CCC transfer by 7/23/07 | | X | |
| *Pi v. Wrigley* | 2007 WL 177916 (E.D. Cal.); No. 1:07-CV-00058 OWW SMS HC | Jan. 19, 2007 | 37 months | 60-90 days* | X | X | X |
| *Wilson v. Smith* | 2007 WL 178101 (E.D. Cal.); 2006 WL 3050841 (E.D. Cal.); No. 1:06-CV-01305 OWW DLB HC | Jan. 19, 2007; Oct. 23, 2006 | 87 months | 150-180 days* | X | X | X |
| *Gonzalez v. Wrigley* | 2007 WL 119910 (E.D. Cal.); No. CVF-06-1081 AWI DLB HC | Jan. 11, 2007 | 21 months | 30-60 days | X | | X |

12

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Reich v. Wrigley | 2007 WL 114159 (E.D. Cal.) <br> 2006 WL 3050842 (E.D. Cal.) <br> No. CVF-06-1246 OWW DLB HC | Jan. 10, 2007 <br> Oct. 23, 2006 | 30 months | 60-90 days | X | X | X |
| Lee v. Wrigley | 2006 WL 3804667 (E.D. Cal.) <br> 2006 WL 3050840 (E.D. Cal.) <br> No. CVF-06-1315 AWI DLB HC | Dec. 26, 2006 <br> Oct. 23, 2006 | 12 mos., 1 day | 15-30 days | X | X | X |
| Ponce v. Wrigley | 2006 WL 3798780 (E.D. Cal.) <br> 2006 WL 2975615 (E.D. Cal.) <br> No. 1:06-CV-01227 AWI WMW HC | Dec. 22, 2006 <br> Oct. 17, 2006 | 12 months | 30-60 days* | X | X | X |
| Diep v. Wrigley | 2006 WL 3762039 (E.D. Cal.) <br> 2006 WL 3001174 (E.D. Cal.) <br> No. CVF-06-00997 OWW DLB HC | Dec. 20, 2006 <br> Oct. 20, 2006 | 18 months | 30-60 days | X | X | X |
| Mehl v. Wrigley | 2006 WL 3716644 (E.D. Cal.) <br> 2006 WL 3028428 (E.D. Cal.) <br> No.1:06-CV-001108 AWI SMS HC | Dec. 15, 2006 <br> Oct. 24, 2006 | 27 months | 60-90 days | X | X | X |
| Arechiga v. Wrigley | 2006 WL 3716646 (E.D. Cal.) <br> 2006 WL 2990150 (E.D. Cal.) <br> No.1:06-CV-01377 AWI LJO HC | Dec. 15, 2006 <br> Oct. 19, 2006 | 28 months | 30-60 days | X | X | X |
| Molina-Montoya v. Wrigley | 2006 WL 3544834 (E.D. Cal.) <br> 2006 WL 3050844 (E.D. Cal.) <br> No. CVF-06-1069 OWW DLB | Dec. 8, 2006 <br> Oct. 23, 2006 | 37 months | 90-120 days | X | X | X |

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Creedon v. Wrigley | 2006 WL 3544839 (E.D. Cal.) 2006 WL 3050843 (E.D. Cal.) No. CVF-06-1077 OWW DLB | Dec. 8, 2006 Oct. 23, 2006 | 12 months (projected release date 11/15/06) | Petition mooted by transfer to CCC on 10/16/06 | | X | NO, mooted by transfer to CCC |
| Gossman v. Wrigley | 2006 WL 3518237 (E.D. Cal.) 2006 WL 3097937 (E.D. Cal.) No. 1:06-CV-01396 OWW LJO HC | Dec. 6, 2006 Oct. 27, 2006 | 46 months | 120-150 days | X | X | X |
| Shoemaker v. Wrigley | 2006 WL 3455128 (E.D. Cal.) 2006 WL 309737 (E.D. Cal.) No.1:06-CV-01476 AWI LJO HC | Nov. 29, 2006 Oct. 31, 2006 | 30 months | 60-90 days | X | X | X |
| Repstad v. Wrigley | 2006 WL 3455239 (E.D. Cal.) 2006 WL 2849862 (E.D. Cal.) No.1:06-CV-01273 AWI LJO HC | Nov. 29, 2006 | 18 months | 30-60 days | X | X | X |
| White v. Wrigley | 2006 WL 3456602 (E.D. Cal.) 2006 WL 2988990 (E.D. Cal.) No.1:06-CV-01284 OWW LJO HC | Nov. 27, 2006 Oct. 18, 2006 | 18 months | 30-60 days | X | X | X |
| Monroe v. Wrigley | 2006 WL 3456608 (E.D. Cal.) 2006 WL 2990161 (E.D. Cal.) No. 1:06-CV-01217 OWW SMS HC | Nov. 27, 2006 Oct. 19, 2006 | 12 mos, 1 day | 30-60 days | X | X | X |

14

| Case | Citation | Date | Sentence of Incarceration | Part of Sentence Served at CCC | Placements of up to 6 months or 10% of sentence upon re-evaluation | Ordered by Court to Evaluate | Submitted Re-evaluation to Court |
|---|---|---|---|---|---|---|---|
| Arcediano v. Wrigley | 2006 WL 2692876 (E.D. Cal.) No.CVF 06-0780 AWI DLB HC | Sep. 18, 2006 | 52 months | Petitioner transferred acc. to BOP's plans on 9/21/06 | | X | NO, mooted by transfer to CCC as scheduled |
| Horn v. Ellis | 2006 WL 1071959 (E.D. Cal.) No. 1:06-CV-0006 OWW TAG | Apr. 21, 2006 | 18 months | 47 days* | X | X | X |
| U.S. v. Paige | 369 F. Supp. 2d 1257 (D. Mont.) No. CR-04-007-M-DWM No. CV 04-247-M-DWM | Apr. 22, 2005 | | Petition granted; BOP ordered to assess CCC transfer within 14 days | | X | |
| Woodard v. Daniels | 2007 WL 1432032 (D. Or.) No. 06-CV-01716-HO | May 10, 2007 | 120 months | 150-180 days | X | X | |
| Wiederhorn v. Gonzales | 2005 WL 1113833 (D. Or.) No. Civ. 05-360-TC | May 9, 2005 | 18 months | 30-45 days | X | X | X |
| Cook v. Gonzales | 2005 WL 773956 (D. Or.) No. Civ. 05-09-AS | Apr. 5, 2005 | 12 mos., 1 day | Habeas granted; BOP ordered to assess CCC transfer | | X | X |

15

# EXHIBIT B

BP-S210.073 **INSTITUTIONAL REFERRAL FOR CCC PLACEMENT** CDFRM
SEP 99

**U.S. DEPARTMENT OF JUSTICE**                                **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO: (Community Corrections Manager)<br>WESLEY MAYHEW, CCM | FROM: Chief Executive Officer (Name, Title & Date) –<br>Signature certifies approval and CIMS Clearance<br>JEFF WRIGLEY, WARDEN _(signature)_ |
| Inmate Name<br>CHAVEZ, ALFREDO | Register Number<br>26579-112 · Date<br>02-19-2007 |
| Unit Manager/Mail ID<br>G. PUENTES / TAF1163 | Institution (Address and Phone Number)<br>TAFT CORRECTIONAL INSTITUTION, SCP<br>P.O. BOX 7000   TAFT, CA 93268   (661) 763-2510 |

| | |
|---|---|
| 1.  Release City: LOS ANGELES, CALIFORNIA | Supervision District: CENTRAL CALIFORNIA |

| | | |
|---|---|---|
| 2.  Anticipated Release Date<br>12-02-2007 | Method<br>GCT REL | Verified by (ISM Staff)<br>_Heidi Jordan_ |

| | |
|---|---|
| 3.  Recommended (only one):<br> a.  Range 60 – 90 DAYS  or<br> b.  Date _____ | 4.  If a presumptive parole case, enter the date the pre-<br>release record review progress report was submitted to the<br>Parole Commission:   N/A |

| | | |
|---|---|---|
| 5.  Statutory Interim Hearing Scheduled?<br>☐ Yes  ☐ No  ☐ Waived  X N/A | 6.  Supervised Release<br>X Yes ☐ No<br>4 YEARS | Special Parole Term<br>☐ Yes ☐ No X N/A |

| | |
|---|---|
| 7.  Aftercare Supervision<br> X Drug  X Alcohol   ☐ Mental Health  ☐ Other _____ | ☐ N/A |

| | |
|---|---|
| 8.  CIM Case: ☐ Yes X No   Assignment: NONE | |

| | |
|---|---|
| As CMC, I have reviewed the Request for Activity Clearance (404) and the<br>SENTRY CIM Clearance and Separatee Data and I recommend the inmate be<br>considered for CCC placement and clearance be granted by the Warden.<br><br> ☑ Yes  ☐ No   Signature of CMC  _M. Un_<br>Upon signature of the Warden, I will update SENTRY to reflect CCC referral for<br>range/date as listed in item 3 above. | NOTE:<br>The CMC will update<br>SENTRY to reflect<br>specific dates and CCC<br>location code upon<br>notification of<br>acceptance from the CCM. |

| | |
|---|---|
| 9.  If proposed District of Supervision<br>differs from Sentencing District, has USPO<br>approved?<br>       ☐ Yes     X N/A | 10.  Does inmate have a financial obligation?<br>     Yes    X No<br>If yes, indicate type and how obligation will be paid in<br>item 12. |

11.  Additional Information, including status of any detainers or pending charge(s) and whether there is a
substance abuse history.
GUIDANCE FROM BOP LEGAL, THIS INMATE IS BEING CONSIDERED FOR RRC PLACEMENT IN LIGHT OF THE FACTORS SET FORTH IN 18
USC 3621(b) AND PROGRAM STATEMENT 7310.04, COMMUNITY CORRECTIONS CENTER (CCC) UTILIZATION AND TRANSFER PROCEDURE,
WITHOUT REFERENCE TO THE TIME CONSTRAINS IMPOSED BY 28 CFR 570.20-21 OR THE 2002 AND 2005 COMMUNITY CORRECTIONS
POLICIES.

THERE ARE NO KNOWN DETAINERS OR PENDING CHARGES. THE PSI INDICATES PRIOR ABUSE OF MARIJUANA, AMPHETAMINES,
AND ALCOHOL. MR. CHAVEZ HAS MAINTAINED COMMUNITY TIES VIA TELEPHONE AND CONSISTENT VISITS. MR. CHAVEZ HAS
AN APPROVED VISITATION LIST OF 31 INDIVIDUALS WHICH INCLUDE IMMEDIATE FAMILY, EXTENDED FAMILY, FRIENDS. HE
HAS RECEIVED APPROXIMATELY $2,500.00 IN THE LAST 6 MONTHS. HE HAS COMPLETED HIS FINANCIAL OBLIGATION AND
HAS BEEN ENCOURAGED TO SAVE FOR RELEASE FUNDS. MR. CHAVEZ HAS SECURED A RELEASE RESIDENCE.

12.  Specific release preparation/Pre-natal care needs.
MR. CHAVEZ IS BEING REFERRED FOR CCC PLACEMENT WITH A RANGE OF 60-90 DAYS.   THIS WILL AFFORD MR. CHAVEZ A
REASONABLE OPPORTUNITY TO PREPARE FOR HIS RE-ENTRY INTO THE COMMUNITY ACCORDING TO HIS PERSONAL NEEDS.
MR. CHAVEZ HAS MINIMAL RELEASE NEEDS, AS HE HAS STRONG FAMILY AND COMMUNITY SUPPORT, AND HAS SECURED A
RELEASE RESIDENCE; THEREFORE, HE WILL ONLY REQUIRE ASSISTANCE FROM THE COMMUNITY CORRECTIONS CENTER STAFF
IN SECURING EMPLOYMENT.

| | |
|---|---|
| 13.  For MINT Referrals,<br>Date of Delivery:<br>N/A | 14. (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br>N/A<br>     (B) Proposed guardian: N/A |

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | 2 | Drug Abuse Treatment Programs Agreement to | |
| BP-339 CIM Case Information Summary | 1 | Participate in Community Transition Programming | 2 |
| (Non-Community Cases) | | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of | | | |
| Inmates to CCC Type Facility | 2 | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | 2 | | |

# EXHIBIT C

McGREGOR W. SCOTT
United States Attorney
THOMAS E. FLYNN
Assistant U.S. Attorney
Chief of Appeals
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2728

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFREDO CHAVEZ, | ) | |
| | ) | |
| Petitioner, | ) | CV. NO. F-07-0194 AWI WMW HC |
| | ) | |
| v. | ) | |
| | ) | RESPONDENT'S MOTION TO |
| JEFF WRIGLEY, Warden, | ) | DISMISS HABEAS CORPUS AS |
| | ) | MOOT |
| Respondent. | ) | |
| | ) | |

The petitioner, Alfredo Chavez, pleaded guilty in the Central District of California to one count of conspiring to possess marijuana with the intent to distribute.  21 U.S.C. §846; Exhibit 1.  On April 25, 2005, he was sentenced to 37 months incarceration, 48 months of supervised release, and a penalty assessment of $100.00.  Id.  If petitioner were to serve his full term, he would be released on April 25, 2008.  Exhibit 2, page 5. As of June 4, 2007, he was scheduled to be released on December 2, 2007, based on the good time credits he had earned and was projected to earn in the future.  Id.

In 2005, the Bureau of Prisons ("BOP") adopted regulations that limit the amount of time that an inmate can spend in a

1

1  halfway house at the end of his sentence to the lesser of 10% of
2  the inmate's total sentence or six months, unless special
3  statutory circumstances apply.  28 C.F.R. §§570.20, 570.28.  If
4  that criterion were applied to this case, the petitioner could
5  not be released to a halfway house until August 27, 2007.
6  Exhibit 2, page 4.[1]  He argues that this regulation is invalid
7  and that he is entitled to be evaluated for a halfway house
8  placement without consideration of its limitations.  Petition at
9  1.  The petition should be dismissed because the BOP has already
10  given petitioner the evaluation he has requested.

11      The BOP has evaluated petitioner "without reference to the
12  time constraints imposed by 28 CFR § 570.20-21 or the 2002 and
13  2005 Community Corrections Policies."[2]  Exhibit 3.  That
14  evaluation resulted in a recommendation that petitioner spend 60-
15  90 days in a Residential Re-entry Center before his release.[3]
16  After considering the factors set forth in 18 U.S.C. §3621(b),
17  the BOP has concluded that this period of time will afford the
18  petitioner "a reasonable opportunity to prepare for his re-entry
19  into the community."
20  ///
21
22      [1]  This date is called the pre-release preparation date.

23      [2]  The BOP's criteria for halfway house placements can be
    found in Program Statement 7310.04.  The entire document is
24  available at http://www.bop.gov.  A copy of those pages that the
    respondent believes are relevant here are attached as Exhibit 4.

25      [3]  A Residential Re-entry Center is the term the BOP uses
    for what used to be called a Community Corrections Center or
26  halfway house.  The 60 to 90 day range means that petitioner will
    be sent to an RRC sometime between September 3, 2007, and
27  October 3, 2007.  The reasons for setting a range instead of a
    particular date are explained in Program Statement 7310.04.
28  Exhibit 4

2

1       The case or controversy requirement of Article III of the
2   Federal Constitution deprives the Court of jurisdiction to hear
3   moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70
4   (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d
5   1346, 1352 (9th Cir. 1984).  A case becomes moot if "the issues
6   presented are no longer 'live' or the parties lack a legally
7   cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S.
8   478, 481 (1982).  A federal court is "without power to decide
9   questions that cannot affect the rights of the litigants before
10  them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971).  To
11  satisfy the Article III case or controversy requirement, a
12  litigant "must have suffered some actual injury that can be
13  redressed by a favorable judicial decision." <u>Iron Arrow</u>, 464
14  U.S. at 70.

15      Here the petitioner has already received the relief he was
16  requesting, so nothing the Court does can affect his rights.

17  CONCLUSION

18      For the foregoing reasons, it is respectfully requested that
19  petitioner's <u>habeas corpus</u> petition be dismissed as moot.

20  DATED: June 5, 2007

                         McGREGOR W. SCOTT
21                           United States Attorney

22

              By:  /s/ THOMAS E. FLYNN
23                      THOMAS E. FLYNN
                    Assistant U.S. Attorney
24                      Chief of Appeals

25

26

27

28

3

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on June 5, 2007, she served a copy of the Respondent's Motion to Dismiss <u>Habeas</u> <u>Corpus</u> Proceeding as Moot by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California.

Addressee(s):

Alfredo Chavez
Fed. Reg. # 26579-112
Taft Correctional Institution
P.O. Box 7001
Taft, CA 93268

                         /s/  CARRIE D. QUIRK
                         CARRIE D. QUIRK

# EXHIBIT D

1    McGREGOR W. SCOTT
     United States Attorney
2    SAMANTHA S. SPANGLER
     Assistant U.S. Attorney
3    501 I Street, Suite 10-100
     Sacramento, California  95814
4    Telephone:  (916) 554-2792

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER R. BATES,            )
                                      )
12              Petitioner,           )      1:06-cv-1692 OWW WMW HC
                                      )
13        v.                          )
                                      )      RESPONDENT'S MOTION TO
14   DENNIS SMITH, Warden,            )  ·   DISMISS HABEAS CORPUS
     Federal Prison Camp Atwater,     )      PETITION AS MOOT
15                                    )
                Respondent.           )
16   _____ )

17        The petitioner, Christopher Bates, was found guilty in the

18   Eastern District of California of one count each of conspiracy to

19   defraud the government, conspiracy to commit mail fraud and wire

20   fraud, and conspiracy to launder money.  18 U.S.C. § 371; Exhibit

21   1.  On November 4, 2003, he was sentenced to a total term of 63

22   months incarceration, restitution of $1,738,520.10, 36 months of

23   supervised release on each count to run concurrently, and a

24   penalty assessment of $300.00, but his sentence was later reduced

25   to 57 months.  Id.  If petitioner were to serve his full term, he

26   would be released on August 30, 2008.  Exhibit 2, page 3.  As of

27   January 26, 2007, he was scheduled to be released on January 20,

28   ///

                                    1

1 2008, based on the good time credits he had earned and was

2 projected to earn in the future.   Id.

3      In 2005, the Bureau of Prisons ("BOP") adopted regulations

4 that limit the amount of time that an inmate can spend in a

5 halfway house at the end of his sentence to the lesser of 10% of

6 the inmate's total sentence or six months, unless special

7 statutory circumstances apply.   28 C.F.R. §§ 570.20, 570.28.   If

8 that criterion were applied to this case, the petitioner could

9 not be released until August 23, 2007.   Exhibit 2, page 2.[1]   He

10 argues that this regulation is invalid and that he is entitled to

11 be evaluated for a halfway house placement without consideration

12 of its limitations.   Petition at 1.   The petition should be

13 dismissed because the BOP has already given petitioner the

14 evaluation he has requested.

15      The BOP has evaluated petitioner "without reference to the

16 time constraints imposed by 28 CFR § 570.20-21 or the 2002 and

17 2005 Community Corrections Policies."[2]   Exhibit 3.   That

18 evaluation resulted in a recommendation that petitioner spend

19 120-150 days in a Residential Re-entry Center before his

20 ///

21 ///

22 ///

23

24

25 ──────────────

26      [1]  This date is called the pre-release preparation date.

27      [2]  The BOP's criteria for halfway house placements can be
found in Program Statement 7310.04.   The entire document is
available at http://www.bop.gov.   A copy of those pages that the
28 respondent believes are relevant here are attached as Exhibit 4.

1  release.[3]  After considering the factors set forth in 18 U.S.C.

2  § 3621(b), the BOP has concluded that this period of time will

3  afford the petitioner "a reasonable opportunity to prepare for

4  his re-entry into the community."

5      The case or controversy requirement of Article III of the

6  United States Constitution deprives the Court of jurisdiction to

7  hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67,

8  70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d

9  1346, 1352 (9th Cir. 1984).  A case becomes moot if "the issues

10  presented are no longer 'live' or the parties lack a legally

11  cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S.

12  478, 481 (1982).  A federal court is "without power to decide

13  questions that cannot affect the rights of the litigants before

14  them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971).  To

15  satisfy the Article III case or controversy requirement, a

16  litigant "must have suffered some actual injury that can be

17  redressed by a favorable judicial decision."  Iron Arrow, 464

18  U.S. at 70.

19      Here the petitioner has already received the relief he was

20  requesting, so nothing the Court does can affect his rights.

21  ///

22  ///

23  ///

24

25      [3]  A Residential Re-entry Center is the term the BOP uses
for what used to be called a Community Corrections Center or
26  halfway house.  The 120 to 150 day range means that petitioner
will be sent to an RRC sometime between August 23, 2007, and
27  September 22, 2007.  The reasons for setting a range instead of a
particular date are explained in Program Statement 7310.04.
28  Exhibit 4.

1  <u>CONCLUSION</u>

2     For the foregoing reasons, it is respectfully requested that

3  petitioner's <u>habeas</u> <u>corpus</u> petitioner be dismissed as moot.

4  DATED: February 12, 2007

                                   McGREGOR W. SCOTT
5                                  United States Attorney

6
                              By:  <u>/s/ SAMANTHA S. SPANGLER</u>
7                                  SAMANTHA S. SPANGLER
                                   Assistant U.S. Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on February 12, 2007, she served a copy of the Respondent's Motion to Dismiss <u>Habeas</u> <u>Corpus</u> Proceeding as Moot by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California.

Addressee(s):

Christopher R. Bates
Fed. Reg. # 12384-097
Federal Prison Camp
P.O. Box 019001
Atwater, CA 95301

/s/ CARRIE D. QUIRK
CARRIE D. QUIRK

# EXHIBIT E

12/18/2006  15:40    6617653025        TCI CAMP ADMIN                    PAGE  02/42
BP-8210.073 **INSTITUTIONAL REFERRAL FOR CCC PLACEMENT** CDFRM
SEP 99
**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

| TO: (Community Corrections Manager) Mr. Matt Knitter, MCA | FROM: Chief Executive Officer (Name, Title & Date) - Signature certifies approval/and CIMS Clearance Jeff Wrigley, Warden |
|---|---|
| Inmate Name NUNEZ, DANNY NELSON | Register Number 26673-050 | Date 12-06-2006 |
| Unit Manager/Mail ID G. Puentes/TAF1163 | Institution (Address and Phone Number) Taft Correctional Institution 1500 Cadet Road P.O. Box 7000 Taft, California 93268  (661) 763-2510 |

| 1. Release City: Las Vegas, Nevada | Supervision District: District of Nevada |
|---|---|
| 2. Anticipated Release Date 09-12-2007 | Method GCT REL | Verified by (ISM Staff) |
| 3. Recommended (only one): a. Range_30 – 90 days, or b. Date | 4. If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: |
| 5. Statutory Interim Hearing Scheduled? ☐ Yes  X No  ☐ Waived | 6. Supervised Release X Yes  ☐ No 12 months | Special Parole Term ☐ Yes X No |

7. Aftercare Supervision
   X Drug  X Alcohol  ☐ Mental Health  ☐ Other  ☐ N/A

8. CIM Case: ☐ Yes X No    Assignment: N/A

| As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden. ☐ Yes  ☐ No    Signature of CMC Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above. | NOTE: The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM. |
|---|---|

| 9. If proposed District of Supervision differs from Sentencing District, has USPO approved? ☐ Yes ☐ No X N/A | 10. Does inmate have a financial obligation? ☐ Yes X No If yes, indicate type and how obligation will be paid in item 12. |
|---|---|

11. Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history.
Pursuant to recent decisions in the Fresno Division, Eastern District of California, and pursuant to guidance from BOP legal, this inmate is being considered for RRC placement in light of the factors set forth in the 18 USC &3621(b) and Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, without reference to the time constraints imposed by 28 CFR 570.20-21 or the 2002 and 2005 Community Corrections Policies. Mr. Nunez has no detainers or pending charges. According to the PSI, Mr. Nunez has used marijuana, cocaine, and ecstasy. He also has been charged with several DUI's. He has indicated to the unit team that he will have employment upon release. His receives monthly visits due to the his place of residence being in Las Vegas, NV. His funds are between $1,000.00 and $1,400.00 every three months.

12. Specific release preparation/Pre-natal care needs.
The Unit Team is requesting CCC placement between 30 to 90 days which will afford him a reasonable opportunity to prepare for his re-entry into the community according to his personal needs. Mr. Nunez has completed his financial responsibility.

| 13. For MINT Referrals, Date of Delivery: N/A | 14. (a) For MINT Referrals, Projected Date of Return to Parent Institution: N/A (B) Proposed guardian: N/A |
|---|---|

# EXHIBIT F

1  McGREGOR W. SCOTT
   United States Attorney
2  THOMAS E. FLYNN
   Assistant U.S. Attorney
3  Chief of Appeals
   501 I Street, Suite 10-100
4  Sacramento, California  95814
   Telephone:  (916) 554-2728

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 DANNY NELSON NUNEZ,            )
                                  )
12          Petitioner,           )    CV. NO. F-06-1545 OWW TAG HC
                                  )
13     v.                         )
                                  )    RESPONDENT'S MOTION TO
14 JEFF WRIGLEY,                  )    DISMISS HABEAS CORPUS AS
                                  )    MOOT
15          Respondent.           )
   _____)

16

17      The petitioner, Danny Nelson Nunez, pleaded guilty in the

18 District of Nevada to one count of illegal use of a communication

19 facility.  21 U.S.C. §843(b); Exhibit 1.  On September 13, 2005,

20 he was sentenced to 41 months incarceration, 12 months of

21 supervised release, and a penalty assessment of $100.00.  Id.  If

22 petitioner were to serve his full term, he would be released on

23 February 20, 2008.  Exhibit 2, page 3.  As of January 4, 2007, he

24 was scheduled to be released on September 12, 2007, based on the

25 good time credits he had earned and was projected to earn in the

26 future.  Id.

27      In 2005, the Bureau of Prisons ("BOP") adopted regulations

28 that limit the amount of time that an inmate can spend in a

                                1

1   halfway house at the end of his sentence to the lesser of 10% of

2   the inmate's total sentence or six months, unless special

3   statutory circumstances apply.  28 C.F.R. §§570.20, 570.28.  If

4   that criterion were applied to this case, the petitioner could

5   not be released until May 28, 2007.  Exhibit 2, page 2.[1]  He

6   argues that this regulation is invalid and that he is entitled to

7   be evaluated for a halfway house placement without consideration

8   of its limitations.  Petition at 1.  The petition should be

9   dismissed because the BOP has already given petitioner the

10  evaluation he has requested.

11      The BOP has evaluated petitioner "without reference to the

12  time constraints imposed by 28 CFR § 570.20-21 or the 2002 and

13  2005 Community Corrections Policies."[2]  Exhibit 3.  That

14  evaluation resulted in a recommendation that petitioner spend 30-

15  90 days in a Residential Re-entry Center before his release.[3]

16  After considering the factors set forth in 18 U.S.C. §3621(b),

17  the BOP has concluded that this period of time will afford the

18  petitioner "a reasonable opportunity to prepare for his re-entry

19  into the community."

20  ///

21  _____

22      [1]  This date is called the pre-release preparation date.

23      [2]  The BOP's criteria for halfway house placements can be
    found in Program Statement 7310.04.  The entire document is
24  available at http://www.bop.gov.  A copy of those pages that the
    respondent believes are relevant here are attached as Exhibit 4.
25

26      [3]  A Residential Re-entry Center is the term the BOP uses
    for what used to be called a Community Corrections Center or
27  halfway house.  The 30 to 90 day range means that petitioner will
    be sent to an RRC sometime between June 14, 2007, and August 13,
28  2007.  The reasons for setting a range instead of a particular
    date are explained in Program Statement 7310.04.  Exhibit 4

                                    2

1    The case or controversy requirement of Article III of the

2  Federal Constitution deprives the Court of jurisdiction to hear

3  moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70

4  (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d

5  1346, 1352 (9th Cir. 1984).  A case becomes moot if "the issues

6  presented are no longer 'live' or the parties lack a legally

7  cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S.

8  478, 481 (1982).  A federal court is "without power to decide

9  questions that cannot affect the rights of the litigants before

10 them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971).  To

11 satisfy the Article III case or controversy requirement, a

12 litigant "must have suffered some actual injury that can be

13 redressed by a favorable judicial decision." <u>Iron Arrow</u>, 464

14 U.S. at 70.

15    Here the petitioner has already received the relief he was

16 requesting, so nothing the Court does can affect his rights.

17                           <u>CONCLUSION</u>

18    For the foregoing reasons, it is respectfully requested that

19 petitioner's <u>habeas</u> <u>corpus</u> petitioner be dismissed as moot.

20 DATED: January 5, 2007

                              McGREGOR W. SCOTT
21                            United States Attorney

22

                        By:  <u>/s/ THOMAS E. FLYNN</u>
23                           THOMAS E. FLYNN
                             Assistant U.S. Attorney
24                           Chief of Appeals

25

26

27

28

                               3

CERTIFICATE OF SERVICE

1
2       The undersigned hereby certifies that she is an employee in
3   the Office of the United States Attorney for the Eastern District
4   of California and is a person of such age and discretion to be
5   competent to serve papers.
6       That on January 5, 2007, she served a copy of the
7   Respondent's Motion to Dismiss Habeas Corpus Proceeding as Moot
8   by placing said copy in a postpaid envelope addressed to the
9   person(s) hereinafter named, at the place(s) and address(es)
10  stated below, which is/are the last known address(es), and by
11  depositing said envelope and contents in the United States Mail
12  at Sacramento, California.
13  Addressee(s):
14  Danny Nelson Nunez
    Fed. Reg. # 26673-050
15  Taft Correctional Institution
    P.O. Box 7001
16  Taft, CA 93268
17
18                              /s/ CARRIE D. QUIRK
                                CARRIE D. QUIRK
19
20
21
22
23
24
25
26
27
28