UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LESLIE D. MOWER,

    Petitioner,

    v.

PAUL COPENHAVER, Warden,

    Respondent.
_____/

No. C 07-3891 PJH

**ORDER TO SHOW CAUSE**

Petitioner Leslie D. Mower, a federal prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On March 18, 2005, a jury in the United States District Court for the District of Utah, convicted Mower of six counts of tax evasion, pursuant to 26 U.S.C. § 7201, and one count of conspiracy to defraud the United States government pursuant to 18 U.S.C. § 371.  On September 13, 2006, the district judge sentenced Mower to twenty-seven months imprisonment, to be followed by three years of supervised release.  Mower is currently confined at the Federal Correctional Institution at Dublin, California.

## DISCUSSION

### A. Legal Standard

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241.  *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

### B. Petitioner's Legal Claims

Mower challenges as unlawful Federal Bureau of Prisons ("BOP") regulations, 28

C.F.R. § 570.21, which provide that the BOP need not consider an inmate for placement in community confinement until the last ten percent of an inmate's time served or six months, whichever is less. She raises essentially three issues regarding the challenged regulations. First, Mower contends that the regulations violate 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a federal prisoner's place of confinement once a sentence has been imposed. Second, Mower argues that the regulations are unlawful as applied to her because her individual situation makes placement in community confinement in Salt Lake City, Utah appropriate under the statute, § 3621(b). Third, Mower asserts that the regulation was adopted in violation of the Administrative Procedure Act, 5 U.S.C. § 706 et seq.

Liberally construed, these claims appear colorable under 28 U.S.C. § 2241 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: August 8, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

2