SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

DENNIS M. WONG (CSBN 173951)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (925)803-4760
FAX: (415) 436-6748
Email: dwong@bop.gov

Attorneys for Federal Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LESLIE D. MOWER,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>    Respondent. | No. C-07-3891 CW<br>E-FILING CASE<br><br>RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS<br><br>Date:  November 15, 2007<br>Time:  2:00 p.m |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that, on the above-referenced date and time, before the Honorable Claudia Wilken, United States District Judge, 1301 Clay Street, Oakland, California, in Courtroom 2 on the 4th Floor, or soon thereafter, the Federal Respondent, by and through their attorney the United States Attorney for the Northern District of California, will bring the following Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.  This motion is based on the Notice of Motion and Memorandum of Points and Authorities contained in this motion, the declaration filed concurrently herewith,  such oral and documentary evidence as may be presented at the hearing on the motion, and any other factors

that this Court may wish to consider.

Based on the foregoing, Respondent respectfully requests that this Court dismiss this matter because of 1) mootness, as this Court can no longer grant any of Petitioner's requested relief, and 2) as Petitioner has failed to exhaust available administrative remedies.

## MEMORANDUM OF POINTS & AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

1. Should this case be dismissed as moot as Petitioner is currently in a Bureau of Prisons ("BOP") program where successful completion will reduce her sentence, and where she has been considered and been recommended for a full six months of placement in a Residential Reentry Center ("RRC")[1]?

2. Should this case be dismissed for failure to exhaust available administrative remedies?

### STATEMENT OF RELEVANT FACTS

Petitioner Leslie D. Mower ("Petitioner") is a federal prisoner housed at the Federal Prison Camp ("FPC") at Dublin, California, and filed the habeas petition in the instant case. *See* Beakey Declaration. Petitioner challenges a BOP regulation that limits an inmate's placement in a RRC to 10% of their sentence, not to exceed six months. *See* 28 C.F.R. § 570.21(a). Consequently, Petitioner seeks consideration for immediate release to a RRC, which in her case would be more than six months of RRC time given her projected release date is February 13, 2009. *See* Petition for Habeas Corpus at 1:9-10, *Beakey* Declaration, and the BOP Inmate Locator Service at www.bop.gov.[2] Petitioner's "10% date," or the date when she will begin

---

[1] RRCs were formerly known as halfway houses. *See* Declaration of Kim Beakey In Support of Motion To Dismiss ("Beakey Declaration").

[2] Courts can take judicial notice of information on the BOP Inmate Locator Service. *See Harvey v. Eichenlaub*, 2007 WL 2782249 (E.D. Mich.).

Respondent's Notice of Motion and Motion To Dismiss
C-07-3891-CW                                           2

serving the last 10% of her sentence, is December 5, 2008.[3]  *See* Beakey Declaration at 3.

On July 11, 2007, Petitioner received provisional notice of her eligibility for a sentence reduction under the BOP's Residential Drug Abuse Treatment Program ("RDAP").  *See* Exhibit 3 to Beakey Declaration.  The RDAP is a comprehensive program with different components, where eligible inmates may receive up to an one-year reduction in their sentence upon successful completion, along with consideration for the full six months of RRC, all of which is a part of the RDAP.  *See* Beakey Declaration at 3 and attached Exhibit 2.  The first component lasts approximately nine months and is an institution-based program where all participants reside in a specified RDAP unit.  *Id.*   A subsequent component includes six months of RDAP transitional treatment at a RRC.  *Id.*   RDAP inmates are normally considered for six months of RRC placement as part of the RDAP, and is an exception to the BOP's regulation limiting RRC placement to 10% of their sentence.  *Id.*  In addition, eligible inmates who complete the RDAP may receive a sentence reduction of up-to-one year, which is usually the time remaining after an inmate serves six months in a RRC.  *Id.*

On July 26, 2007, Petitioner began the RDAP, and it is anticipated she will complete the institution-based component on April 25, 2008.  *Id.* at 3-4 and attached Exhibit 5.  On September 19, 2007, BOP staff considered and recommended Petitioner for the maximum (six months) RRC time allowed by BOP policy and regulations, which would begin on April 28, 2008.  *See* Beakey Declaration at 4 and Exhibit 6.  Assuming Petitioner successfully completes the first component of the RDAP, she should be eligible to go to an available RRC on April 28, 2008, complete her six months at a RRC by the end of October 2008, and then be released from BOP custody thereafter, resulting in a sentence reduction of approximately four months.  *See* Beakey Declaration at 4.

Petitioner has failed to exhaust available administrative remedies as she has not filed any request on any issue during her incarceration with the BOP.  *See* Declaration of Cecilia Burks.

---

[3] The 10% date is computed to carry out the requirements of 18 U.S.C. § 3624(c) ("The Bureau of Prisons shall . . . assure that a prisoner . . . spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.")

Respondent's Notice of Motion and Motion To Dismiss
C-07-3891-CW                        3

# ARGUMENT

### 1. THIS HABEAS PETITION IS MOOT AS PETITIONER HAS VOLUNTARILY STARTED A DRUG TREATMENT PROGRAM THAT HAS RESULTED IN A RECOMMENDATION FOR SIX MONTHS OF RRC, AND WILL PROVIDE HER A SENTENCE REDUCTION IF SHE SUCCESSFULLY COMPLETES IT

Petitioner is now in a nine month BOP drug treatment program which she voluntarily agreed to participate in so she could receive drug abuse treatment (*see* Exhibit 4 to Beakey Declaration), where she has been considered and been recommended for the maximum amount of RRC time (six months) allowed by BOP policy and regulations, and where she has received provisional eligibility for a sentence reduction that is estimated to be four months.[4] Thus, to the extent that Petitioner seeks to invalidate 28 C.F.R. § 570.21's 10% limitation and be considered for more RRC time than the last 10% of her sentence, Petitioner's RRC time has been so considered, and the related challenge should be dismissed as moot. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir.1996); *see also Harvey v. Eichenlaub*, 2007 WL 2782249 (E.D. Mich.) ("Because Petitioner has been released from BOP custody completely, the Court concludes that there remains no actual injury which the Court would redress with a favorable decision.")

To the extent Petitioner seeks to challenge 28 C.F.R. § 570.21 by asserting that its "not to exceed six months" language is a minimum amount of RRC time, and not a maximum, and demands consideration for more than six months of RRC placement, Petitioner's challenge is still arguably moot as the most relief a Court could order, even assuming *arguendo* Petitioner prevails, is the *consideration* for more than six months of RRC time. In light of Petitioner's voluntary decision to opt for the RDAP which she must complete in order for her to receive her requested drug abuse treatment, six months of RRC time, and a sentence reduction, it is highly improbable the BOP will recommend Petitioner for immediate RRC placement given Petitioner's commitment to do the RDAP. Although Petitioner could decide to leave the RDAP upon a

---

[4] The authority for the BOP to reduce an inmate's sentence by up-to-one-year upon successful completion of the RDAP arises from 18 U.S.C. § 3621(e)(2)(B).

favorable decision by the Court in this case in order to better facilitate consideration by the BOP for a more than six month RRC placement, thereby giving up her sentence reduction eligibility and the six month RRC recommendation, Petitioner's agreement to participate in the RDAP, along with her starting it, her receipt of the provisional notice eligibility for sentence reduction, and the six month RRC recommendation, all indicate otherwise.  As it appears Petitioner has put herself in a situation that is arguably better than the relief she is requesting in this habeas petition, it does not appear there is any injury this Court could order any relief for, and this case should be dismissed as moot.

2. **THIS HABEAS PETITION CHALLENGING PETITIONER'S BOP PLACEMENT SHOULD BE DISMISSED AS PETITIONER FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES**

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal Law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added) 42 U.S.C. § 1997e(a).[5]  The Supreme Court explained the purpose behind the PLRA's exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. (Citation omitted).  In other instances, the internal review might "filter out some frivolous claims." (Citation

---

[5] The PLRA exhaustion statute includes habeas petitions. *See Porter v. Nussle*, 122 S.Ct. at 992 ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life. . . ."). *See also id.* at 989 (". . . when the relevant section is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of all prisoner petitions to a magistrate." *Ibid.* The Federal Magistrates Act, we noted, covers actions of two kinds: challenges to "conditions of confinement"; and "applications for habeas corpus relief." (citations omitted) Congress, we concluded, 'intended to include in their entirety th[ose] two primary categories of suits brought by prisoners.'"). Although *Porter* distinguished between habeas petitions that challenged "the fact or duration of confinement itself; and (2) those challenging the conditions of confinement," (*id.*) placement into a RRC has nothing to do with the fact or duration of an inmate's confinement as the inmate's release date is unaffected.  *See* Beakey Declaration at 2.  Instead, moving an inmate to a RRC is akin to transferring an inmate from one BOP location to another. *Id.*

> omitted). And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter*, 122 S.Ct. at 988.

Accordingly, there are broad-reaching reasons why exhaustion is required before filing a lawsuit challenging prison conditions. As Petitioner's habeas petition challenges the place where she will serve her sentence, i.e., community confinement versus a BOP facility, the PLRA applies. *See* Porter, 122 S.Ct. at 992; *see also Jones v. Bock*, 127 S.Ct. 910, 924-925 (2007). Although many courts, including those in this District, have considered the exhaustion argument as a judicial requirement rather than a statutory one (*see Cristoval v. Clark*, 2007 WL 2746742 (N.D. Cal.); *Reyna v. Copenhager*[sic], 2007 WL 2504893 (N.D. Cal.); *Felty v. Clark*, 2007 WL 2438337 (N.D. Cal.), at least one court has framed the issue properly: "As exhaustion is required under [case law], the Court need not address [the Government's] argument that exhaustion is also required under the Prisoner Litigation Reform Act because the petition challenges petitioner's 'prisoner conditions.'" *Zavala v. Clark*, 2007 WL 2705216 (N.D. Cal.), at *1.[6] As challenging the BOP's determination of where an inmate shall serve his or her sentence clearly is a lawsuit challenging one's prison conditions, the PLRA controls and exhaustion is mandatory. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") Therefore, as Petitioner has not filed any administrative remedies while she has been in BOP custody, this habeas petition should be dismissed.

---

[6] In these Northern District of California cases, the dismissal orders noted the pre-PLRA "futility" exception is inapplicable and cited decisions in the Eastern District of California, *e.g., Whistler v. Wrigley*, 2007 WL 1655787 at *3. Actions taken in response to voluminous litigation filed other Districts where the resident Judges had already ruled on the relevant legal issues, is not necessarily apposite to cases filed in this District. The United States has appealed an adverse ruling regarding RRC placement from the Eastern District of California to the Ninth Circuit. *See Jose Rodriguez v. Smith*, 9th Cir. Case No. 07-16014, and the BOP continues to apply the regulations except where it appears that due to prior rulings and time constraints, to do so would not be in the public interest due to the waste of judicial and governmental resources.

Respondent's Notice of Motion and Motion To Dismiss
C-07-3891-CW                                6

## **CONCLUSION**

Respondent respectfully submits that this case should be dismissed as moot as Petitioner has been considered and recommended for a full six months of RRC time as part of her voluntary admission into the RDAP. Even to the extent Petitioner seeks consideration for more than six months of RRC placement, it is highly improbable such consideration will be provided given Petitioner's voluntary participation in a drug treatment program she believes she needs, and which also includes the benefit of a sentence reduction upon successful completion of the RDAP. More importantly, it appears Petitioner's current situation as it relates to where she wants to serve her BOP time, is improved to the point it does not appear this Court could order any relief to satisfy the injury alleged in this habeas petition. Alternatively, Respondent submits that this case should be dismissed under the PLRA as it mandates exhaustion before filing any lawsuit challenging prison conditions, which is what a challenge to § 570.21 concerns, as it challenges the BOP's decision on where to place an inmate for the service of their sentence.

Dated: October 4, 2007                               Respectfully submitted,

                                                                          SCOTT N. SCHOOLS
                                                                          United States Attorney

                                              By:        /s/_____
                                                                          Dennis M. Wong
                                                                          Special Assistant U.S. Attorney

Respondent's Notice of Motion and Motion To Dismiss
C-07-3891-CW                                          7