SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

DENNIS M. WONG (CSBN 173951)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (925)803-4760
FAX: (415) 436-6748
Email: dwong@bop.gov

Attorneys for Federal Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LESLIE D. MOWER,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>    Respondent. | No. C-07-3891 CW<br>E-FILING CASE<br><br>RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS<br><br>Date:  November 15, 2007 Hearing Vacated<br>        Pursuant to October 25, 2007, Order |

.

**MEMORANDUM OF POINTS & AUTHORITIES**

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Is Respondent's motion to dismiss in lieu of filing an Answer proper, such that this Court should not accept the Petition for Writ of Habeas Corpus as true?

2. Should this case be dismissed because of mootness or standing issues because Petitioner's Residential Reentry Center recommendation was made pursuant to 28 C.F.R. § 550.57(a)(2), which is based on her participation in the Residential Drug Abuse Treatment Program, and not under 28 C.F.R. § 570.21?

3. Is a challenge to a prison regulation governing where a prisoner should serve their sentence, a challenge with respect to "prison conditions," such that exhaustion of administrative remedies is required under 42 U.S.C. § 1997(e)(a)?

**ARGUMENT**

**I.   A MOTION TO DISMISS THE PETITION FOR HABEAS CORPUS IS PROPER IN LIEU OF FILING AN ANSWER**

The Advisory Committee Notes to Rule 8 of the *Rules Governing Section 2254 Proceedings, 1976 Adoption,* incorporated by reference into the Advisory Committee Notes following Rule 8 of the *Rules Governing Section 2255 Proceedings,* indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, *pursuant to the respondent's motion to dismiss*, or after an answer to the petition has been filed.   (Emphasis added.)   Advisory Committee Notes to Rule 4 and 5 of *Rules Governing Section 2254 Cases* state that a dismissal may obviate the need for filing an answer on the substantive merits of the petition.  *See Ware v. Mendoza-Powers*, 2007 WL 763634, *2 at fn. 2 (E.D. Cal.).  As a result, use of a  motion to dismiss prior to filing an answer in a habeas petition is a well-settled practice. *See, e.g.*, *Murray v. Carrier*, 106 S.Ct. 2639, 2643-44 (1986) (motion to dismiss filed asserting procedural bar);  *Haddad v. Wrigley*, 2007 WL 2177797 (E.D. Cal.) (motion to dismiss filed for mootness); *Chatelain v. Clark*, 2007 WL 2963956 (W.D.Wash.) (motion to dismiss filed based on separate authority for detention); *Bui v. Hedgpeth*,--- F.Supp.2d ----, 2007 WL 2822149 (C.D.

Resp.'s Reply To Pet.'s Opp. To Resp.'s Mtn. to Dismiss
C-07-3891-CW                                                    2

Cal.) (motion to dismiss filed for untimeliness), *Hill v. Giurbino*, 2007 WL 2781174 (S.D. Cal.) (motion to dimiss filed for untimeliness); *Singh v. Chertoff*, 2005 WL 2043044 (N.D. Cal.) (motion to dismiss filed for lack of subject matter jurisdiction).

Although the Petitioner similarly concedes that the Ninth Circuit in *White v. Lewis*, 874 F.2d 599 (9th Cir. 1989), endorsed the use of a motion to dismiss in response to a habeas petition, she also suggests that a motion to dismiss is only permitted when the court does not order an Answer. *See* Pet.'s Opposition to Resp.'s Motion to Dismiss ("Opposition") at 5:6-8. This notion is misplaced as *White* unequivocally stated, "[c]learly, the rule allows for a response other than a formal answer meeting the dictates of Rule 5." *White, supra*, at 602. Indeed, the Ninth Circuit focused on the substance behind the motion to dismiss as opposed to Petitioner's narrow and mechanical interpretation: "[w]hile there may be circumstances where concerns about delay and efficiency militate in favor of ordering a full scale answer, this comment cannot be read as a blanket bar against motions to dismiss *without regard to their merit*." *Id.* at 603. (Emphasis added.) In this case, in support of one of the grounds for Respondent's motion to dismiss, there have been numerous analogous cases in this district that have already been dismissed due to the failure to exhaust administrative remedies.[1] *See, e.g., Carrillo v. Clark*, 2007 WL 3026674 (N.D.Cal.); *Rojero v. Clark*, 2007 WL 3026415 (N.D. Cal.); *Espinoza v. Clark*, 2007 WL 2990157 (N.D. Cal.); *Cristobal v. Clark*, 2007 WL 2746742 (N.D. Cal.); *Zavala v. Clark*, 2007 WL 2705216 (N.D.Cal.); *Reyna v. Copenhager*, 2007 WL 2504983 (N.D. Cal.); *Felty v. Clark*, 2007 WL 2438337 (N.D. Cal.).[2] As a result, the merit in Respondent's motion to dismiss further obviates any "blanket bar" to a motion to dismiss.

II.   **THE PETITION CANNOT BE ACCEPTED AS TRUE AS THE COURT MUST ENSURE THE MATTER IS DECIDED AS LAW AND JUSTICE REQUIRES**

To the extent Petitioner seeks a default judgment, it is not available in habeas corpus practice. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to

---

[1] A more detailed reply to Petitioner's arguments against dismissing the case because of a failure to exhaust is contained later in this Reply.

[2] In these Northern District of California cases, the United States has only been a party in the *Zavala* case.

Resp.'s Reply To Pet.'s Opp. To Resp.'s Mtn. to Dismiss
C-07-3891-CW                    3

claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.") This is consistent with Petitioner's burden of proof in habeas proceedings, and Respondent's failure to respond to the merits, even if inappropriate, cannot serve as a basis to grant the writ. *See Cruz v. Warden, Avenal State Prison*, 2007 WL 2505504, *1 (E.D.Cal. 2007).

The Advisory Committee Notes to *Rule 5 Governing Section 2254 Proceedings, 2004 Amendments*, state:

> The revised rule [5(a)] does not address the practice in some districts, where the respondent files a pre-answer motion to dimiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.

Thus, it is commonplace for courts to consider a motion to dismiss, and then order an Answer if the motion to dismiss is denied. *See, e.g.*, *Bui v. Hedgpeth*, --- F.Supp.2d ----, 2007 WL 2822149, *6 (C.D. Cal.); *Alba-Tovar v. U.S.*, 2006 WL 1697629 (D.Or.). This is consistent with the courts' duty under 28 U.S.C. § 2243, which states, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." Accordingly, to deem the Petition's allegations to be admitted would run counter to the Court's judicial role. In addition, most of the facts Petitioner would have this Court accept as facts are legal conclusions. S*ee, e.g.,* Opposition at 6-8. Perhaps most importantly, accepting Petitioner's representations as true would limit the consideration of recent case law that is pertinent to this case.[3]

In *Daniels v. Kane*, 2006 WL 1305209, *2 (N.D.Cal.), the Honorable Marilyn Patel supported respondent's decision to file a motion to dismiss instead of filing an answer, stating:

---

[3] On September 28, 2007, the Ninth Circuit in *United States v. Sullivan*, 2007 WL 2811079, at *2 (9th Cir. 2007), agreed with the Department of Justice's Office of Legal Counsel's interpretation that community confinement did not equate to "imprisonment." They reasoned that "[f]ederal law, in various contexts, classifies detention in facilities like a Pre-Release Center as different from imprisonment." *Id.* Citing *United States v. Latimer,* 991, F.2d 1509 (9th Cir. 1993), the *Sullivan* Court explained "that based on the plain language and structure of the United States Sentencing Guidelines, community confinement is not incarceration or imprisonment." *Id.* Therefore, as 18 U.S.C. § 3621(b) governs the designation of "the place of the prisoner's *imprisonment,*" (emphasis added) § 3621(b) is arguably inapplicable to Petitioner's RRC placement. Consequently, *Sullivan* strongly suggests that § 3621(b)'s five listed criteria cannot be used to invalidate Bureau of Prisons ("BOP") regulations governing RRC placements.

> The court is receptive to a respondent raising threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and untimeliness) by motion rather than in the answer. When the court sees a procedural problem in its initial review of a habeas petition, it often invites a motion to dismiss rather than an answer. However, as here, there often is not enough information in the petition to alert the court to the existence of a potential procedural problem and the court issues an order to show cause why the writ should not be granted. By doing so, the court does not intend to preclude respondent to move to dismiss the petition for a threshold procedural problem. Respondent is not in default for having filed a motion to dismiss rather than an answer.

Similarly, Petitioner should not be rewarded for Respondent's efforts to raise a threshold problem, which was not obvious on the face of the petition. Thus, assuming this Court were to deny Respondent's motion to dismiss, this Court should then renew its order for an Answer, which will allow it to "dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III. THE MOOTNESS OF THIS PETITION MUST BE VIEWED IN THE CONTEXT OF HER "SETTLED EXPECTATIONS" THAT COME WITH HER PROVISIONAL ELIGIBILITY FOR EARLY RELEASE AND IN LIGHT OF THE LACK OF RELIEF THE COURT CAN NOW ORDER

The case or controversy requirement of Article III of the United States Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir.1984). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1984). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow*, 464 U.S. at 70, 104 S.Ct. at 375; *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); *NAACP, Western Region*, 743 F.2d at 1353.

Petitioner's argument against mootness is premised on two grounds: 1) the uncertainty of the continued existence of the Residential Drug Abuse Treatment Program ("RDAP") and her receiving the early release benefit of 18 U.S.C. § 3621(e)(2)(B), and 2) her right to still have a ruling on whether or not she is entitled to be considered for *more* than six months of placement in a Residential Reentry Center ("RRC").

Resp.'s Reply To Pet.'s Opp. To Resp.'s Mtn. to Dismiss
C-07-3891-CW                                    5

    Petitioner fails to provide any support where a BOP program like the RDAP is discontinued *after* an inmate has begun the program. *See* cases cited in Opposition at 9-10. As Petitioner has been participating in the RDAP since July of 2007 (*see* Declaration of Kim Beakey in support of Respondent's motion to dismiss, 3:7-9), her situation is distinguished from the only case Petitioner cited that deals with the closure of a BOP program: *Serrato v. Clark*, 486 F.3d 560 (9th Cir. 2007). In *Serrato*, the petitioner challenged the cancellation of the BOP boot camp program, but never began it. *Id.* at 562-563.

    Insofar as Petitioner's early release eligibility is concerned, the Ninth Circuit has emphasized that the settled expectations of inmates regarding early release eligibility should not be disrupted lightly. *See Bowen v. Hood*, 202 F.3d 1211, 1220 (9th Cir. 2000); *Cort v. Crabtree*, 113 F.3d 1081,1084-86 (9th Cir. 1997); both *quoting Landgraf v. USI Film Products*, 114 S.Ct. 1483, (1994). The Ninth Circuit has held that the BOP's use of the term "provisional" "refers only to the successful completion of all phases of the drug abuse treatment program" and that "an inmate may lose his [or her] early release eligibility only for failure to complete the treatment program." *Bowen*, 202 F.3d at 1221; *see also Cort*, 113 F.3d at 1085 (eligibility for sentence reduction is subject only to successful completion of program; the term "provisional" in the residential drug abuse treatment program contract fails to alter the BOP's long-held policy that early release eligibility is conditioned only upon successful completion of the treatment program). Thus, Petitioner herself controls whether or not she completes the RDAP, so she can receive benefits such as a sentence reduction and up to six months in a RRC.

    To the extent Petitioner insists on her right to challenge the validity of 28 C.F.R. § 570.21, she cannot as she is not controlled by § 570.21, as the RDAP has its own regulation governing RRC placement, which was the mechanism that provided her the recommendation of six full months of RRC placement. *See* 28 C.F.R. § 550.57(a)(2) (inmates may receive the incentive of "[c]onsideration for the maximum period of time (currently 180 days) in a Community Corrections Center placement. . . ."). Thus, even if this Court were to invalidate § 570.21, it is § 550.57(a)(2) that would be the regulation limiting RRC placement to 180 days. Therefore, this petition challenging § 570.21 is moot, and if Petitioner wishes to proceed with

Resp.'s Reply To Pet.'s Opp. To Resp.'s Mtn. to Dismiss
C-07-3891-CW      6

asserting her right to consideration of more than six months of RRC, that should be a challenge to § 550.57(a)(2), which the instant Petition does not mention.[4]

To the extent Petitioner seeks some form of declaratory relief, a judicial pronouncement would be an advisory opinion, which the Constitution prohibits. *See* U.S. Const. art. III; *see also Preiser v. Newkirk*, 95 S.Ct. 2330, 2334 (1975) (a court's judgment "must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") As a result, because of Petitioner's participation in the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B), and as § 570.21(b) expressly defers to other regulations such as § 550.57(a)(2) to control the RRC determination, this matter should be dismissed as moot, or alternatively, based on a lack of standing.

### IV. THE PLRA EXHAUSTION STATUTE APPLIES SINCE CHALLENGING A REGULATION ABOUT WHERE A PRISONER HAS TO SERVE THEIR SENTENCE, IS AN ACTION CHALLENGING "PRISON CONDITIONS"

Although stated in Respondent's motion to dismiss, it bears repeating that 42 U.S.C. § 1997(e)(a) provides that "[n]o action shall be brought with respect to *prison conditions* under section 1983 of this title, *or any other Federal Law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added). Thus, the crux of this issue is not the body of case law Petitioner cites that predates § 1997(e)(a), but rather whether or not the BOP's decision to place a prisoner in a particular facility concerns "prison conditions" or not. Petitioner's use of *Woodall v. Federal*

---

[4] Petitioner has arguably also lost her standing to challenge § 570.21 given her RDAP participation, even as she has gained the standing to challenge § 550.57(a)(2). Section 570.21(b) specifically states the referenced time-frames "may [be] exceed[ed] . . . as provided by separate statutory authority . . . ." *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1157 (9th Cir.2002) (As a manifestation of the Article III case-or-controversy requirement, standing is a determination of whether a specific person is the proper party to invoke the power of a federal court.); *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."); To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 751.

Resp.'s Reply To Pet.'s Opp. To Resp.'s Mtn. to Dismiss
C-07-3891-CW                                7

*Bureau of Prisons*, 432 F.3d 235, 240 (3d. Cir. 2005), which defined a petition concerning a RRC transfer as concerning the execution of sentence as opposed to a conditions of confinement case, is inapposite as 1) "prison conditions," on its face, is broader than "conditions of confinement," and 2) *Woodall* and its progeny were focused on assessing whether a lawsuit should be filed as a habeas versus a civil rights lawsuit, and not on the applicability of § 1997(e)(a).

The Supreme Court plainly stated, "we hold that the PLRA's exhaustion requirement applies to *all inmate suits about prison life. . . .*" (Emphasis added.) *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002).[5]  Thus, as *where* a prisoner serves their BOP sentence is squarely an inmate lawsuit about "prison life," § 1997(e)(a) applies, exhaustion is mandatory, and Petitioner's failure to exhaust through BOP procedures dictates that this Petition must be dismissed.

Finally, to the extent Petitioner argues that a letter from Petitioner's counsel to the Warden at FCI Dublin (Exhibit B to Opposition) constitutes some level of exhaustion that should excuse the exhaustion requirement, this argument must fail as 1) the April 6, 2007, letter makes no mention of treating it as request for administrative remedy, 2) the Warden's response (part of Exhibit B to Opposition) dated April 24, 2007, clearly informed Petitioner's counsel that it would *not* be considered a request for administrative remedy, 3) the Warden's response also advised Petitioner's counsel that Petitioner must file administrative remedies herself and provided the pertinent regulations, and 4) there is no dispute that Petitioner has not filed any BOP administrative remedies (*see* Declaration of Cecilia Burks filed with the Respondent's motion to dismiss) even though she clearly was advised of her right to do so months ago.  More importantly, assuming § 1997(e)(a) controls, there is no exception or substitute to exhaustion. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006).

---

[5] "Prison conditions" have been defined as " 'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,' " including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." *Neal v. Goord*, 267 F.3d 116, 119 (2d Cir 2001) (overruled in part by *Porter v. Nussle* (*see Benjamin v. Goord*, 2002 WL 1586880, *2 (S.D. N.Y.))).

## CONCLUSION

Based on the foregoing, Respondent respectfully requests that the Motion to Dismiss be granted based on mootness, lack of standing to challenge 28 C.F.R. § 570.21, or for the failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997(e)(a).

Dated: November 1, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

By:     /s/
Dennis M. Wong
Special Assistant U.S. Attorney