IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE D. MOWER,

        Petitioner,

   v.

PAUL COPENHAVER, Warden,

        Respondent.

                                          /

No. C 07-3891 CW

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

    Respondent Paul Copenhaver moves to dismiss Petitioner Leslie Mower's petition for a writ of habeas corpus on the grounds that it is moot and that Petitioner has not exhausted her administrative remedies. Petitioner opposes Respondent's motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court grants Respondent's motion.

                                       BACKGROUND

    Petitioner is currently serving a term of twenty-seven months of imprisonment, followed by three years of supervised release, on a conviction for tax evasion and conspiracy to defraud the United States government. She is incarcerated at the Federal Correctional Institution in Dublin, California, where Respondent is warden. She

filed this petition under 28 U.S.C. § 2241, challenging a Bureau of Prisons (BOP) regulation, 28 C.F.R. § 570.21, that denies inmates placement in a community corrections center (CCC)[1] until the last ten percent or six months of their sentence, whichever is shorter. Petitioner claims that this policy is contrary to 18 U.S.C. § 3621(b), which governs the placement of inmates in BOP custody.

On April 6, 2007, Petitioner's attorney wrote to Respondent, asking him to consider Petitioner for transfer to a CCC in Salt Lake City, Utah, despite the BOP regulation that would otherwise limit her placement there to the last ten percent of her sentence. On April 24, 2007, Respondent informed Petitioner's attorney by letter that federal regulations did not permit him to submit a request for a transfer on behalf of his client. The letter stated that Petitioner could file her own transfer request through the administrative process provided by 28 C.F.R. § 542.10 et seq. Petitioner does not claim to have pursued this potential avenue of relief.

On July 26, 2007, Petitioner began participating in the BOP's Residential Drug Abuse Treatment Program (RDAP). This program involves nine months of treatment during which participants are housed in a specific RDAP unit, followed by six months of treatment during which participants live in a CCC. Inmates who successfully complete the RDAP may receive a reduction in their sentence. On September 19, 2007, the BOP recommended Petitioner for CCC

---

[1] CCCs were formerly known as halfway houses. Respondent uses the term "residential reentry center" to refer to the same type of institutional setting.

2

placement during the second phase of her participation in the RDAP. Assuming she successfully completes the first phase, she will be transferred to a CCC on April 28, 2008, and will serve the remainder of her sentence there. She will also receive a sentence reduction of approximately four months.

## DISCUSSION

I.  Appropriateness of Respondent's Motion to Dismiss

On August 8, 2007, Judge Hamilton ordered Respondent to file an answer showing cause why a writ of habeas corpus should not be granted.[2] Instead of answering the petition, Respondent filed this motion to dismiss. Petitioner argues that the motion is an improper delay tactic; she asks the Court to consider Respondent in default and deem him to have admitted the allegations in the petition.

In White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989), the Ninth Circuit held that a motion to dismiss may be a proper means of responding to a petition for a writ of habeas corpus under the rules governing habeas proceedings. The court found that such a motion is appropriate when, as here, the respondent wishes to raise procedural grounds for dismissing the petition. Although Judge Hamilton directed Respondent to file an answer, the Court considers the motion to dismiss a good faith response to the order to show cause. As another court in this district has noted:

> The court is receptive to a respondent raising threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and

---

[2] Subsequent to Judge Hamilton's order, the action was transferred to this Court.

3

> untimeliness) by motion rather than in the answer. When the court sees a procedural problem in its initial review of a habeas petition, it often invites a motion to dismiss rather than an answer. However, as here, there often is not enough information in the petition to alert the court to the existence of a potential procedural problem and the court issues an order to show cause why the writ should not be granted. By doing so, the court does not intend to preclude respondent to move to dismiss the petition for a threshold procedural problem.

White v. Ayers, 2007 WL 1655618, at *7 (N.D. Cal.). The Court adopts this reasoning, and declines to consider Respondent in default or otherwise penalize him for filing a motion to dismiss in lieu of an answer.

II. Mootness

Respondent argues that the petition should be dismissed as moot because Petitioner is now participating in the RDAP program and, consequently, has been approved for six months in a CCC and an early release date. However, Petitioner contends that she is eligible for a CCC placement of greater than six months, and requests consideration of her appropriateness for placement in a CCC notwithstanding the six-month limit imposed by the BOP regulation. In addition, Petitioner has only been granted "provisional eligibility" for transfer to a CCC. While Petitioner's argument that the BOP may abruptly terminate the RDAP program is unconvincing, it is still possible that Petitioner will not complete the program due to an unforeseen reason, or may choose to withdraw from the program if she is granted an earlier transfer to a CCC. It is true that Respondent may conclude that a CCC placement of more than six months is not appropriate given Petitioner's participation in the program. However, the Court

4

cannot assume that such a decision is certain. Thus, a live controversy still exists and the petition is not moot. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (a petition is moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome").

III. Exhaustion of Administrative Remedies

The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).[3] The requirement may be waived in limited circumstances, including when pursuit of administrative remedies would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of the exhaustion requirement may be appropriate).

Petitioner argues that pursuing administrative remedies would be futile here because the BOP promulgated the challenged regulation under a categorical exercise of its discretion, and the regulation does not permit exceptions for individual inmates. However, Petitioner's unsupported contention that administrative remedies would be futile does not persuade the Court to waive the exhaustion requirement. As Petitioner notes, all four of the circuit courts that have considered the validity of the BOP's policy have found it invalid. Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006);

---

[3] Because exhaustion is required under this authority, the Court need not consider Respondent's argument that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, also requires exhaustion of administrative remedies in this case.

5

United States District Court
For the Northern District of California

Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Several district courts in the Ninth Circuit have also found the policy contrary to 18 U.S.C. § 3621(b). See Whistler v. Wrigley, 2007 WL 1655787, at *3 (E.D. Cal.) (listing cases).

Recent actions of the BOP suggest that it may be reconsidering its policy in response to the numerous cases rejecting its regulation as contrary to statute. For instance, in Whistler, the BOP informed the court that it had evaluated the petitioner's request for administrative relief without reference to the time constraints imposed by 28 C.F.R. § 570.21 and had transferred him to a CCC, leading the court to dismiss the petition as moot. Id. at *6-*7. Consequently, it is not clear that Petitioner's pursuit of administrative remedies would be futile; there is a possibility that BOP officials will provide her the relief she seeks. Multiple courts in this district have recognized this possibility, and have required other habeas petitioners challenging the BOP regulation to exhaust their administrative remedies. See, e.g., Carrillo v. Clark, 2007 WL 3026674 (N.D. Cal.); Rojero v. Clark, 2007 WL 3026415 (N.D. Cal.); Espinoza v. Clark, 2007 WL 2990157 (N.D. Cal.); Cristobal v. Clark, 2007 WL 2746742 (N.D. Cal.); Zavala v. Clark, 2007 WL 2705216 (N.D. Cal.); Reyna v. Copenhager, 2007 WL 2504983 (N.D. Cal.); Felty v. Clark, 2007 WL 2438337 (N.D. Cal.). The Court agrees with the reasoning of these decisions, and concludes that waiver of the exhaustion requirement is not warranted in this case.

CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion and dismisses the petition for a writ of habeas corpus without prejudice to Petitioner filing a new petition after exhausting the BOP's administrative appeals process. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 12/14/07

CLAUDIA WILKEN
United States District Judge